WATERTOWN CARRIAGE COMPANY, Respondent, *v.* EDWIN L. HALL, Appellant.

BANKRUPTCY—DISCHARGE IN, NOT A DEFENSE, OR BAR, TO ACTION FOR EMBEZZLEMENT AND MISAPPROPRIATION OF FUNDS—DEMURRER TO ANSWER SETTING UP SAME AS A DEFENSE.  Where the complaint in an action of conversion alleges that the defendant did wrongfully and fraudulently embezzle and· misappropriate plaintiff's money, the legal import thereof is that defendant became possessed of the money in a fiduciary capacity, and, hence, his liability thereunder is a liability expressly excepted, by section 17 of the Bankruptcy Law of 1898, from debts released by a discharge in bankruptcy, and defendant's answer setting up his discharge in bankruptcy as a defense, or bar, to the action is demurrable as insufficient in law upon the face thereof.
*Watertown Carriage Co.* v. *Hall*, 75 App. Div. 201, affirmed.

(Argued October 14, 1903; decided October 30, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 24, 1902, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the question certified, are stated in the opinion.

*C. H. Sturges* and *Willard J. Miner* for appellant.  The question certified is sufficient to enable this court to determine

the validity of the judgment from which the appeal is taken. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *Schenck* v. *Barnes*, 156 N. Y. 316; *Blaschko* v. *Wurster*, 156 N. Y. 437.) The defense of the discharge in bankruptcy is sufficient in law. (*Lambert* v. *People*, 6 Abb. [N. C.] 190; *Matter of Rhutassel*, 2 Am. Bank. Reg. 697; *Morse* v. *Kaufman*, 7 Am. Bank. Reg. 549; *Gee* v. *Gee*, 7 Am. Bank. Reg. 500; *Bracken* v. *Milner*, 5 Am. Bank. Reg. 23; *Perkins* v. *Smith*, 116 N. Y. 441; *Hennequin* v. *Clews*, 77 N. Y. 427; *Lawrence* v. *Harrington*, 122 N. Y. 408; *Mulock* v. *Byrnes*, 129 N. Y. 23; *Palmer* v. *Hussey*, 119 U. S. 96; *Noble* v. *Hammond*, 129 U. S. 65; *Burnham* v. *Pidcock*, 58 App. Div. 273; *Dimock* v. *R. C. Co.*, 117 U. S. 559.)

*Joseph Nellis* and *Levi H. Brown* for respondent. The question certified has no pertinency to any question involved in the decision and judgment appealed from, and, hence, presents no question which this court will review or determine. (*Steinway* v. *Bernette*, 167 N. Y. 498; *Matter of Davies*, 168 N. Y. 89; *Schenck* v. *Barnes*, 156 N. Y. 316; *Matter of Coatsworth*, 160 N. Y. 114; *Matter of Manning*, 139 N. Y. 446; *Matter of Robinson*, 160 N. Y. 448; *Blaschko* v. *Wurster*, 156 N. Y. 437; *Townsend* v. *Bell*, 167 N. Y. 462; *Matter of Landy*, 148 N. Y. 403; *Caponigri* v. *Altieri*, 164 N. Y. 476.) The cause of action stated in the complaint is exempt from discharge under the Bankrupt Law. (*Maillard* v. *Lawrence*, 16 How. [U. S.] 250; *The Abotsford*, 98 U. S. 440; 6 Am. Bank. Reg. 657; *Uhlman* v. *Ins. Co.*, 109 N. Y. 426; *Moffatt* v. *Fulton*, 132 N. Y. 507; *Bank* v. *Peters*, 123 N. Y. 272; *Baker* v. *Bank*, 100 N. Y. 31; *Burhans* v. *Cary*, 4 Sandf. 707; *White* v. *Williams*, 5 Den. 269; 21 Wall. 368; *Schudder* v. *Shields*, 17 How. Pr. 420; *Taylor* v. *Plummer*, 3 M. & S. 562.)

O'BRIEN, J. The complaint in this action alleged that the plaintiff, upon the day specified, was the owner and entitled to the immediate possession of the sum of sixty-five dollars in

money, consisting of bills, bank notes and currency, but in what particular denominations the plaintiff was unable to more particularly state. That on the day named, prior to the commencement of the action, the defendant did fraudulently and unlawfully convert, misappropriate and embezzle said money; that before the commencement of the action the plaintiff duly demanded the aforesaid sum of money of the defendant, but the defendant refused and still refuses to deliver the same to the plaintiff, and the plaintiff was damaged in the sum of sixty-five dollars, with interest from the day of said conversion, misappropriation and embezzlement. The defendant, among other matters, interposed an answer as a distinct and separate defense to the cause of action stated in the complaint and as a bar to the same a discharge in bankruptcy. To this separate defense the plaintiff demurred, on the ground that it was insufficient in law upon the face thereof, and this demurrer has been sustained by the courts below.

The only question, therefore, presented by this appeal is whether a discharge in bankruptcy is a good defense to a cause of action such as is stated in the complaint herein. There would, I think, be very little difficulty in disposing of this question except for numerous decisions of the courts giving construction to corresponding provisions of the bankrupt acts of 1841 and 1867. These decisions have been elaborately reviewed and discussed by counsel and the difference between these statutes and the present Bankrupt Law pointed out. In the view that we take of the case, it is not necessary to refer to these decisions, since in our opinion they are not controlling, if at all applicable, upon the question now presented.

The order sustaining the demurrer was interlocutory and hence was not reviewable in this court without a certificate from the court below. We have that certificate in the record and the question certified is in these words: "Is a discharge in bankruptcy properly pleaded as a defense to any cause of action alleged in a complaint?" Of course a cause of action

may be stated in a complaint to which a discharge in bankruptcy would be a good defense, but that is an abstract question that is not pertinent to any issue or question in this case, and if we are to take the question literally and according to the clear and broad language employed, there would be nothing in the record that this court has the power to review and the appeal should be dismissed. But, doubtless, it was the intention of the parties and the purpose of the learned court below to have the question arising upon the demurrer finally passed upon by this court. We will, therefore, assume that what was intended by the question was, not whether a discharge in bankruptcy is a good "defense *to any cause of action*," but whether it is a good defense to the cause of action stated in the complaint in this action. In other words, does the defendant's discharge in bankruptcy protect him in this action from liability resulting from his act in "fraudulently and unlawfully converting, misappropriating and embezzling" the sixty-five dollars of the plaintiff's money?

The answer to that question is to be found in the plain language of the present Bankrupt Law enacted in 1898, as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

The cause of action stated in the complaint is plainly excepted from the operation of the discharge as a release of the defendant from liability. It does release him from certain debts and obligations, but not from liability for the cause

of action stated in the complaint, and, hence, the answer setting up the discharge as a defense was open to demurrer, and so it has been held since the enactment of the present Bankrupt Law. (*Frey* v. *Torrey*, 70 App. Div. 166; affd. on opinion below, 175 N. Y. 501; *Crawford* v. *Burke*, 201 Ill. 581.) These views sufficiently answer the question certified as we have construed it. The charge in the complaint is that the defendant did wrongfully and fraudulently embezzle and misappropriate the plaintiff's money, and the legal import of these words is that he became possessed of it in a fiduciary capacity, and so the order appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Order affirmed.