Samuel Wiesenthal, Respondent, v. Milton Krane and Another, Copartners, Trading as Krane Bros., and Others, Appellants.

First Department, May 10, 1929.

*Marcus Miller* of counsel [*Hylan & Scherer*, attorneys], for the appellants.

*Samuel Sumner Goldberg* of counsel [*Max L. Wiesenthal*, attorney], for the respondent.

O'MALLEY, J.   The defendants were sued as indorsers of a promissory note in the sum of $11,250, dated January 12, 1927, and made by David Bunin, Lillian Bunin and Isaac Minsky, to the order of the plaintiff.   The complaint alleges that the defendants indorsed prior to delivery to plaintiff, and for the purpose of lending credit thereto.   Other allegations essential to charge the defendants with liability to the plaintiff were contained in the complaint.

The first defense in substance alleged that the defendants were induced to indorse the note as accommodation indorsers upon the false representation that a written agreement signed simultaneously with the indorsement, correctly expressed and contained an oral agreement theretofore entered into between the parties, whereby the defendants were to be liable only in the event of certain contingencies.   The second defense was in effect a plea of partial payment.

The attempts of the defendants to establish these defenses

were thwarted by the rulings of the trial court. Their evidence was excluded upon the theory that it was offered in violation of the parol evidence rule. In our view this ruling was erroneous and requires a reversal and the granting of a new trial.

The admitted facts, together with those proffered by the defendants and the allegations of their defenses, disclose that the makers of the note, who comprised the copartnership of Bunin & Minsky and who were customers of the plaintiff, as well as of all of the defendants, were in financial difficulties in January, 1927, and indebted to each of the parties in approximately the following amounts: To the plaintiff, $7,000; to the defendant Levine, $7,000; to the defendants Krane, $4,100; and to the defendant Elstein, $8,000. In order to save their debtor from bankruptcy with a resultant loss to all, the plaintiff and the defendants met at the place of business of Bunin & Minsky in Jersey City on January 1, 1927. As a result of this meeting the plaintiff agreed to advance $15,000 to Bunin & Minsky on the latter's execution of a mortgage to the plaintiff in the sum of $22,000, which was to cover the loan of $15,000 and the amount of the indebtedness of the mortgagors to the plaintiff. At the same time Bunin & Minsky gave to the plaintiff three notes in the sum of $11,250, $3,750 and $7,000, to which the mortgage was to be collateral.

It appears that the mortgage was a fourth mortgage and the defendants offered to show that the plaintiff consented to the loan only on condition that the defendants would indorse the note for $11,250, which sum represented three-fourths of the cash advanced, as further collateral security; that the defendants agreed to indorse such note only upon condition that the plaintiff would credit all moneys received by him on account of the mortgage, first upon the note of $11,250. Defendants offered further to show that the plaintiff agreed to this proposition and further agreed to have prepared a formal written agreement which would embody the provisions of the oral agreement. Pending the preparation of the written agreement, the defendants were to give to the plaintiff three temporary promissory notes in the sum of $3,750 each.

It appears that in about ten days after the meeting in question the plaintiff, through his attorney, who prepared the written agreement, presented it, together with the note sued upon, to each of the defendants. At such time each of the defendants was told in substance that the agreement had been prepared in conformity with the previous oral understanding, and that the three temporary notes had been destroyed. Upon such representation all of the

defendants signed the agreement without reading it, and indorsed the note in suit.

It was discovered thereafter that the written agreement thus signed did not contain the provisions of the oral understanding, but, on the other hand, provided that, in the event of a default in the payment of any part of the indebtedness secured by the mortgage, the plaintiff had the option to foreclose or to enforce the indebtedness by way of action upon the notes. The option to proceed either under the mortgages or the notes or both rested solely with the plaintiff.

There was evidence admitted or offered tending to show that $1,500 had been paid on account of the notes and that the plaintiff had realized the sum of $8,839.70 on the foreclosure of the mortgage. The defendants sought in the second defense to have these amounts, or a total of $10,389.07, credited on the note and further demanded the surrender and cancellation of the note and a dismissal of the complaint.

We think the proof offered, if established to the satisfaction of the jury, would have entitled the defendants to a rescission of their contract of indorsement on the ground of fraud. Such indorsement was secured upon the representation that the paper signed correctly set forth the terms of the prior oral agreement. As the defense pleaded was one of fraud, the prohibition of the parole evidence rule had no application. In such circumstances the defendants were entitled without a decree annulling the contract to defend upon the ground that their indorsement was induced by fraud, and if such defense was established, their contract was vitiated as it had never become a binding obligation. (*Ward* v. *Union Trust Co. of N. Y.*, 166 App. Div. 762; *Callanan* v. *Keeseville, A. C. & L. C. R. R. Co.*, 199 N. Y. 268, 286.) The contract of indorsement was one of suretyship and the defense that the defendants were induced to enter into it by false representations on the part of the plaintiff would constitute a complete defense. (*Roessle* v. *Lancaster*, 119 App. Div. 368.)

Nor were the defendants precluded from interposing the defense of fraud by reason of the fact that they did not read the agreement. While the law presumes that a person who executes a written contract knows its contents, such rule is not applied where a party signing is misled into believing that the writing correctly embodies the oral agreement by one with whom a relation of trust and confidence obtains. (*Wilcox* v. *American Telephone & Telegraph Co.*, 176 N. Y. 115; *Electrical Audit & R. Co.* v. *Greenberg*, 56 Misc. 514.)

Here the written agreement was to be prepared by the plaintiff

through his attorney. The defendants appear not to have been represented by counsel and in the circumstances they had a right to repose confidence in the plaintiff and to rely upon the representations of his attorney who prepared the instrument that the writing correctly stated the terms of the prior oral agreement.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.