■ SIGURD A. SORENSON, Appellant, v BRIDGE CAPITAL CORP. et al., Respondents. [861 NYS2d 280]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 3, 2008, which granted defendants' motion for summary judgment dismissing the amended complaint, canceled the notice of pendency, and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, the first and fourth causes of action reinstated, and otherwise affirmed, without costs. The preliminary injunctive relief granted by this Court by order entered February 19, 2008 continued for 20 days from the date of service of the order on this appeal with notice of entry.

Plaintiff, a litigation partner at an international law firm, seeks specific enforcement of his rights under three agreements for the purchase of units in a building undergoing conversion to condominium ownership or, alternatively, damages for breach of the agreements. Plaintiff alleges that the sponsor's principal

lured him into a relationship of trust and confidence, and then tricked him into entering into revised contracts that gave the sponsor a right to terminate the agreements in the event the parties could not reach mutual understanding on the excess costs of building out the three units to include "significant additional and different" features from the specifications provided in the offering plan. After the parties executed the revised agreements, the sponsor purportedly terminated the agreements on the ground that the parties were unable to reach agreement on the cost of overages, and also on the ground, no longer pressed, that the sponsor itself had not timely complied with its obligation to file a second amendment to the offering plan with the Attorney General's office. Plaintiff alleges that the sponsor's motive was to be able to use the executed agreements to obtain financing, and then cancel them so the units could be sold at market prices, which had been rising dramatically.

Plaintiff alleged with specificity that the sponsor's agent engaged in fraud in connection with execution of the agreements by deleting the language to which plaintiff had objected in his presence, and then reinserting it without any notice. While such allegedly duplicitous conduct in the course of negotiations is improper, it is undisputed that plaintiff had a fair opportunity to read the final agreements, including the disputed language, before executing them, but reread only those sections he was told contained additional changes. The general rule is that in the absence of a confidential relationship, "A party who signs a document without any valid excuse for having failed to read it is 'conclusively bound' by its terms" (*Sofio v Hughes*, 162 AD2d 518, 519 [1990], *lv denied* 76 NY2d 712 [1990]; *see also Pimpinello v Swift & Co.*, 253 NY 159, 162-163 [1930]; *cf. Wiesenthal v Krane*, 226 App Div 82, 85-86 [1929]). Plaintiff's negligent failure to read the agreements prevents him from establishing justifiable reliance, an essential element of fraud in the execution (*see generally Daniel Gale Assoc. v Hillcrest Estates*, 283 AD2d 386 [2001]). This claim was properly dismissed.

The fraud-in-the-inducement claim, based on allegations that plaintiff relied on the sponsor's representations in the offering plan that it had financing in place, when in fact the sponsor allegedly was unable to complete the project on schedule, was also properly dismissed. The offering plan expressly disclaimed any warranty concerning the sponsor's financial ability to perform its obligations. Moreover, plaintiff did not allege damages incurred as a result of such fraud.

Defendants failed to establish entitlement to summary dismissal of the fourth cause of action for breach of the duty of

good faith and fair dealing. Implicit in every contract is a promise of good faith and fair dealing that is breached when a party acts in a manner that—although not expressly forbidden by any contractual provision—would deprive the other party of receiving the benefits under their agreement (*see Ellenberg Morgan Corp. v Hard Rock Cafe Assoc.*, 116 AD2d 266, 271 [1986]). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion" (*Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]; *see also 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153-154 [2002]). There are material issues of fact here as to whether the sponsor intended to invoke the challenged contract termination provisions from the moment the revised agreements were signed. The record contains evidence that plaintiff substantially complied with his obligation to submit architectural plans for the build-out of his units, but that the sponsor failed to negotiate in good faith to reach agreement on the reasonable excess cost attributable to plaintiff's build-out specifications. Instead, when plaintiff offered to forgo his plans for individualized build-out of the units altogether, in favor of the build-out specifications provided in the offering plan, which should have eliminated any need to negotiate the amount of excess costs, the sponsor responded by terminating the agreements. While the sponsor contends that its demands were reasonable and that plaintiff wrongly relied on oral agreements that he would be provided with a credit, those contentions are disputed. The language of the agreement is not inconsistent with plaintiff's understanding that some part of the cost of build-out would be borne by the sponsor, and that plaintiff could be required to contribute to overage costs attributable to his additional and different specifications.

Since plaintiff did not materially breach these agreements relating to unique properties, the equitable remedy of specific performance (first cause of action) may be available (*see EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45 [2004], *lv denied* 3 NY3d 607 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.