■ Bridge Capital Corp. et al., Respondents, v Todd E. Ernst et al., Defendants, and Sigurd A. Sorenson, Appellant and Third-Party Plaintiff-Appellant. 257/117 Realty LLC, Third-Party Defendant-Respondent. [877 NYS2d 51]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 8, 2007, which denied defendant Sorenson's motion for a default judgment on his counterclaim, for partial summary judgment as to liability on the counterclaim, or the striking of plaintiffs' pleadings and awarding of sanctions against plaintiffs, and order, same court and Justice, entered February 5, 2008, which granted plaintiffs' motion to dismiss the counterclaim, unanimously affirmed, with one bill of costs.

Sorenson's counterclaim and third-party claim, which alleged that the libel complaint was a retaliatory "strategic lawsuit against public participation" (SLAPP), actionable under Civil Rights Law §§ 70-a and 76-a, was correctly dismissed for failure to state a cause of action. The anti-SLAPP statute is intended for the "protection of citizens facing litigation arising from their public petition and participation" (*600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 137 n 1 [1992], *cert denied* 508 US 910 [1993]; *see Guerrero v Carva*, 10 AD3d 105, 116 [2004]; Civil Rights Law § 76-a [1] [a]). In order to state an anti-SLAPP counterclaim, a defendant must "identify . . . the application or permit being challenged or commented on," and his communications must have been "substantially related to such application or permit" (*Guerrero*, 10 AD3d at 117).

Here, although Sorenson alleged in a prior lawsuit that plaintiffs made false statements in an offering plan filed with the Attorney General's Office, the thrust of that complaint was that Sorenson had been fraudulently induced to enter into contracts as a result of those misstatements, and was entitled either to damages or to specific enforcement of the contracts (*Sorenson v Bridge Capital Corp.*, 52 AD3d 265 [2008]).

Sorenson did not engage in the type of public advocacy or participation protected under the anti-SLAPP statute, and thus the instant action did not offend sections 70-a and 76-a.

We have considered defendant's remaining arguments and find them without merit. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.