■ Hotel 71 Mezz Lender LLC, Respondent, v Jennifer Falor, Appellant, et al., Defendants. [882 NYS2d 414]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 2, 2008, which granted plaintiff's motion for summary judgment to enforce a guaranty of payment and denied defendant Jennifer Falor's cross motion for summary judgment dismissing the complaint as against her, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 7, 2008, unanimously dismissed, without costs, as superseded by the appeal from the June 2, 2008 order.

Defendant, an experienced investor in complex commercial real estate transactions such as the Chicago hotel acquisition and conversion that underlies this action, had an obligation to exercise ordinary diligence to inquire and, if necessary, to seek proper assistance in determining whether any additional lenders were involved and to ascertain and understand the terms of the mezzanine loan guarantee before signing it (see Chemical Bank v Geronimo Auto Parts Corp., 225 AD2d 461, 462 [1996]; Chemical Bank v Masters, 176 AD2d 591, 592 [1991]). Having failed to do so, she cannot now avoid her obligation as guarantor by claiming ignorance of the guaranty agreement's terms. Nor was defendant's duty to make inquiry and to read and understand the mezzanine loan guaranty diminished merely because she was provided with only a signature page before executing the agreement (see Friedman v Fife, 262 AD2d 167, 168 [1999]).

A typographical error on the guarantee's signature page did not induce defendant to enter the agreement, as the record shows that she only became aware of the error well after executing the signature page. We note also that, in conjunction with the underlying transaction's closing, defendant executed a closing legal opinion prepared by counsel, which affirmed her understanding that the guarantee of payment on the mezzanine loan was valid, legal and binding. Moreover, the understanding of her attorney that, despite the typographical error, the signature page pertained to the guaranty of payment on the mezzanine loan may be imputed to defendant as a matter of law (see Center v Hampton Affiliates, 66 NY2d 782, 784 [1985];

*Cromer Fin. Ltd. v Berger*, 245 F Supp 2d 552, 560 [SD NY 2003]). Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.