■ Vulcan Power Company, Respondent, v Stephen M. Munson, Defendant, and Soo Min Fay et al., Appellants. [932 NYS2d 68]—

Defendants-appellants and defendant Munson, their representative, signed the stockholders agreement without reading it. Defendants-appellants, in fact, never requested a copy of the agreement, depending instead on the representations of Munson, who, in turn, depended upon the representations of people whose interests were at odds with his and who he believed to be untrustworthy. As a result, defendants are bound by the terms of the stockholders agreement (*see Sorenson v Bridge Capital Corp.*, 52 AD3d 265, 266 [2008], *lv dismissed* 12 NY3d 748 [2009]; *see also Pimpinello v Swift & Co.*, 253 NY 159, 162-163 [1930]). Defendants' argument that the holding in *Sorenson* does not apply to signers of loose signature pages is without merit. A signer's duty to read and understand that which it signed is not "diminished merely because [the signer] was provided with only a signature page" (*Hotel 71 Mezz Lender LLC v Falor*, 64 AD3d 430, 430 [2009]; *see also Friedman v Fife*, 262 AD2d 167, 168 [1999]).

Defendants' failure to read the stockholders agreement also precludes their fraud in the execution defense (*see First Natl. Bank of Odessa v Fazzari*, 10 NY2d 394, 397-398 [1961] [finding a non-English speaker negligent for not asking his wife to read a document of obvious legal import, especially where he had done so in the past]; *see also Sorenson*, 52 AD3d at 266 ["negligent failure to read (an) agreement() (precludes the assertion of) justifiable reliance, an essential element of fraud in the execution"]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.