Order, Supreme Court, New York County (Michael L. Katz, J.), entered May 8, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff husband’s cross motion for an order declaring defendant wife judicially estopped from claiming that charitable contributions reported on the parties’ joint income tax returns from 2011 through 2015 constituted marital waste, unanimously affirmed, without costs.
 

 The wife argues that charitable contributions totaling approximately $1.5 million, reflected on the parties’ joint tax returns from 2011 through 2015, were made without her consent. However, she does not deny that she signed the tax returns under penalty of perjury, that the charity receiving the contributions was a bona fide nonprofit organization, and that the marital estate received a benefit from the contributions in the form of tax deductions. Although the wife claims that the husband only sent her the signature page of the tax returns, so that she was unaware of their contents, she had unfettered access to the complete returns from the parties’ accountant. In any event, by signing the tax returns, she is presumed to have read and understood their contents (see Vulcan Power Co. v Munson, 89 AD3d 494 [1st Dept 2011], lv denied 19 NY3d 807 [2012]; see also Da Silva v Musso, 53 NY2d 543, 550-551 [1981]). Significantly, the wife does not argue that the husband received a financial gain from the donations, only that they were inherently wasteful in their excess.
 

 Under these circumstances, the motion court properly granted the husband’s cross motion to preclude the wife from claiming the charitable contributions as marital waste. “A party to litigation may not take a position contrary to a position taken in an income tax return” (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]). By signing the joint tax return, the wife represented that the charitable contributions were made in both parties’ names as a married couple. Thus, she is judicially estopped from now claiming that the donations were, in fact, made without her consent {see id.).
 

 Contrary to the wife’s contentions, any procedural error was harmless. The husband clearly sought to limit the scope of issues to be tried in the procedural equivalent of a motion for partial summary judgment, and, to that end, the parties submitted substantive motion papers, including sworn affidavits and documentary evidence, sufficient for the motion court to make that determination.
 

 Concur — Renwick, J.P., Richter, Kern and Moulton, JJ.