Suttongate Holdings Ltd. v Laconm Mgt. N.V. (2018 NY Slip Op 02424)





Suttongate Holdings Ltd. v Laconm Mgt. N.V.


2018 NY Slip Op 02424


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6152 652393/15

[*1]Suttongate Holdings Limited, Plaintiff,
v
Laconm Management N.., et al., Defendants.
Laconm Management N.V., et al., Counterclaim Plaintiffs-Respondents,
v
Suttongate Holdings Ltd., Counterclaim Defendant, Arie E. David, Counterclaim Defendant-Appellant.


Olshan Frome Wolosky LLP, New York (Thomas J. Fleming of counsel), for appellant.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York (Ralph A. Siciliano of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 28, 2017, which, to the extent appealed from, denied counterclaim-defendant Arie E. David's (David) motion to dismiss the counterclaims against him, unanimously affirmed, without costs.
Defendants allege that David, their lawyer, abused their attorney-client relationship and committed fraud against them in connection with a joint venture. Conceding that they did not carefully review the legal documents that David prepared for the joint venture, defendants contend that they justifiably relied on David's representations and assurances to them. Defendants allege that the documents did not reflect the joint venture but required them to repay an $8 million "loan" to Suttongate, an entity controlled by David, while giving David the windfall of a substantial economic interest in their properties.
As an initial matter, we conclude that the court has personal jurisdiction over David. As argued by defendants-counterclaim plaintiffs, the agreements contain New York forum selection clauses. Although David was not a signatory to the agreements, there is record proof in the form of an email sent by David stating that he was in a joint venture with some of the counterclaiming plaintiffs and acknowledging that as part of the new arrangements, he would be in control of the corporate documents of those companies. Thus, the signatories to the agreements may invoke the forum selection clause against the non-signatory David by virtue of the relationship between them (see Universal Inv. Advisory SA v Bakrie Telecom PTE, Ltd., 154 AD3d 171, 179 [1st Dept 2017]).
The allegations of the complaint state a cause of action for fraudulent inducement (see Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 70 [1st Dept 2002]). The well settled principle relied on by David that a party claiming fraudulent inducement cannot be said to have justifiably relied on a representation negated by the plain terms of the contract they signed does not apply here, since his alleged assurances and fraud were the very cause of defendants' failure to review the documents carefully. As it was reasonable for defendants to rely on the advice of counsel, we also reject David's arguments premised on the plain language [*2]of the agreements that defendants admit they did not read carefully.
Defendants' allegations describing their attorney-client relationship with David state a cause of action for breach of fiduciary duty. For example, they allege that he served as their attorney for years, both before and during the instant transaction, negotiating unrelated contracts and handling unrelated lawsuits and trusts and estates matters.
While in support of the fraudulent inducement claim defendants allege that the agreements were "brought about by fraud," because, inter alia, David held himself out as their attorney and caused them to sign unfavorable agreements that he drafted, in contrast, in support of the fraud claim defendants focus on events following the execution of the agreements, namely, David's "scheme to manufacture a bogus default" of the loan so as to seize valuable collateral without paying for it. These allegations state a cause of action for fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). The fraudulent inducement and fraud claims are both pleaded with particularity and are not redundant.
Nor did David establish that the breach of contract claim asserted against him in defendants' third-party complaint arises from the same facts as the fraud claim and should be dismissed as duplicative (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]).
We have considered David's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK