Tsai Chung Chao v Chao (2018 NY Slip Op 03620)





Tsai Chung Chao v Chao


2018 NY Slip Op 03620


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6587 159292/14

[*1]Tsai Chung Chao, Plaintiff-Respondent,
v
James Chao, etc., Defendant-Appellant.


Graber PLLC, New York (Daniel Graber of counsel), for appellant.
Melvin B. Berfond, New York (Michael Konopka of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about November 6, 2017, which denied defendant's motion for summary judgment dismissing the complaint and on his counterclaims, and granted plaintiff's motion to extend two notices of pendency, unanimously modified, on the law, to grant defendant's motion as to all claims relating to 330 East 38th Street, #37N, and to deny plaintiff's motion to extend the notice of pendency on that condominium unit, and otherwise affirmed, without costs.
Plaintiff's deposition transcript, which defendant submitted with his initial motion papers, is admissible, because, although it is unsigned, it is certified (see Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543 [1st Dept 2013]; CPLR 3116[a]). In addition, defendant submitted evidence that his lawyer mailed the transcript to plaintiff's counsel more than 60 days before the date of defendant's motion. The transcript of the deposition of Hsian Fang Chao (not a party to this action) is not admissible, because defendant did not mail it until after the date of his motion (see Palumbo v Innovative Communications Concepts, 175 Misc 2d 156, 157-158 [Sup Ct, NY County 1997], affd 251 AD2d 246 [1st Dept 1998]).
Defendant (plaintiff's son) demonstrated through plaintiff's own deposition testimony that plaintiff agreed to give 330 East 38th Street, #37N, to defendant without reserving the right to have it reconveyed to him upon request. Hence, defendant made a prima facie case as to all causes of action insofar as 37N is concerned. Even if, arguendo, plaintiff thought he was giving 37N directly to defendant, whereas he actually gave it to a trust benefitting defendant's daughter (his granddaughter), plaintiff can establish no injury, because, either way, he gave up the unit (see Vandashield Ltd. v Isaacson, 146 AD3d 552, 553 [1st Dept 2017]).
In opposition, plaintiff submitted an affidavit saying that there was an implicit understanding that defendant would reconvey 37N to him upon his request. However, since it contradicts his deposition testimony, plaintiff's affidavit is insufficient to raise an issue of fact (see e.g. Perez v Bronx Park S. Assoc., 285 AD2d 402, 404 [1st Dept 2001], lv denied 97 NY2d 610 [2002]).
Defendant is not entitled to summary judgment dismissing plaintiff's claim concerning the other condominium unit at issue, 330 East 38th Street, #37M. Plaintiff's claim with respect to this unit is that defendant led him to believe that the documentation that defendant presented for his signature (a trust agreement and two deeds) was for the conveyance of 37N only. In fact, the paperwork provided for the conveyance of both 37M and 37N to the trust. Ordinarily a person is bound by the terms of an instrument he or she signs, and may not claim to have justifiably relied on false representations concerning the contents of a document that he or she failed to read without valid excuse (see e.g. Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 482 [1st Dept 2015]; U.S. Legal Support, Inc. v Eldad Prime, LLC, 125 AD3d 486, 487 [1st Dept 2015]; Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [1st Dept 2008]). In this case, however, whether this principle applies to bar plaintiff's fraudulent inducement claim regarding 37M cannot be determined as a matter of law because plaintiff alleges that he and defendant, his [*2]son, had a relationship of trust and confidence (cf. Suttongate Holdings Ltd. v Laconm Mgt. N.V., __ AD3d __, 2018 NY Slip Op 02424, *1 [1st Dept 2018] [recognizing the "well settled principle . . . that a party claiming fraudulent inducement cannot be said to have justifiably relied on a representation negated by the plain terms of a the contract (the parties) signed," but holding the principle inapplicable to pleadings alleging that there had been an attorney-client relationship between the alleged wrongdoer and the claimant]; Sorenson, 52 AD3d at 266 [noting that the "general rule" applies "in the absence of a confidential relationship"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK