Robbins v 315 W. 103 Enters. LLC (2022 NY Slip Op 02640)

Robbins v 315 W. 103 Enters. LLC

2022 NY Slip Op 02640

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 150616/21 Appeal No. 15779-15779A Case No. 2021-02909, 2021-02910 

[*1]Richard Robbins, Plaintiff-Appellant,
v
315 West 103 Enterprises LLC, et al., Defendants-Respondents.

Richard Robbins, appellant pro se.
Koffsky Schwalb LLC, New York (Steven A. Weg of counsel), for respondents.

Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered July 14, 2021, dismissing the complaint and awarding costs to defendants, and bringing up for review an order, same court and Justice, entered June 8, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In 2017, defendants brought an action against plaintiff asserting claims for defamation and related torts arising from five 311 calls he allegedly made to complain to the Department of Buildings (DOB) about defendants' construction project next door. Plaintiff allegedly complained that defendants violated stop work orders, removed a posted DOB order, and caused damage to his property. That action was discontinued on or about November 13, 2017 (see 315 W. 103 Enters. LLC v Robbins, 171 AD3d 466 [1st Dept 2019], lv dismissed 34 NY3d 1151 [2020]). Plaintiff commenced this action on January 19, 2021, seeking costs and attorneys' fees, and compensatory and punitive damages, claiming that defendants' prior action violated the statutory bar on "strategic lawsuits against public participation" (anti-SLAPP), as it involved his "public petition and participation" (Civil Rights Law § 70-a[1][a]-[c]).
Supreme Court correctly found that plaintiff's 311 calls, as alleged in the complaint in this action, were not "materially related to any efforts of [plaintiff] to report on, comment on, rule on, challenge or oppose" defendants' "application or permission" (former Civil Rights Law § 76-a[1][a]). The complaint failed to identify "the application or permit being challenged or commented on," or that plaintiff's "communications," i.e., the 311 calls, were "substantially related to such application or permit" (Guerrero v Carva, 10 AD3d 105, 117 [1st Dept 2004]; accord Bridge Capital Corp. v Ernst, 61 AD3d 496, 496 [1st Dept 2009], lv denied 12 NY3d 715 [2009]). Instead, the alleged calls were general complaints concerning the building construction next door (see LSG 105 West 28th LLC v Sinclair, 2020 NY Slip Op 31764[U], *8 [Sup Ct, NY County 2020] [311 calls complained about "failure to receive demolition notice, unsafe crane operation, failure to safeguard, and noise"]).
We reject plaintiff's contention that the amendments to the anti-SLAPP statutes, effective November 10, 2020, apply to defendants' prior action, as the new law does not
contain a clear expression of the legislative purpose for their retroactive application (see Gottwald v Sebert, __ AD3d __, 2022 NY Slip Op 01515 [1st Dept 2022]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022