Karsah Intl., Inc. v Jong Soo Kim (2024 NY Slip Op 01253)

Karsah Intl., Inc. v Jong Soo Kim

2024 NY Slip Op 01253

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 154340/18 Appeal No. 1801 Case No. 2022-04232 

[*1]Karsah International, Inc., et al., Plaintiffs-Respondents,
v
Jong Soo Kim, Defendant-Appellant.

Moritt Hock & Hamroff, LLP, New York (James P. Chou of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale (Thomas A. Telesca of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about September 12, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiffs/counterclaim defendants Karsah International, Inc., Karen Wang and A.O. Textile (AOT) for summary judgment in their favor on their complaint and to dismiss the first, second, third, fifth, sixth, eighth, ninth, eleventh, and twelfth counterclaims, and denied the motion of defendant/counterclaim plaintiff Jong Soo Kim for summary judgment in his favor on his first, second, third, fifth, and sixth counterclaims, unanimously modified, on the law, to deny plaintiffs/counterclaim defendants' motion insofar as it sought summary judgment in favor of Karen Wang and to reinstate the counterclaims for breach of the guaranty (second counterclaim) and for attorneys' fees and costs under the guaranty (twelfth counterclaim), and otherwise affirmed, without costs.
We reject Kim's assertion that the parties' consulting agreement, which provided that he would be retained for a three-year period, is invalid because he did not agree to all its terms. Although Kim, the founder of AOT, states that plaintiffs inserted a "without cause" termination provision into the final version of the agreement without alerting him to its presence, his failure to read the agreement before signing it now precludes him from relying on an argument that he is not bound by its terms (see Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [1st Dept 2008], lv dismissed 12 NY3d 748 [2009]). Kim signed the document, and therefore is presumed to have read and understood its contents (see Melvin v Melvin, 154 AD3d 596, 596 [1st Dept 2017]).
Given the presence of the provision stating that Kim could be terminated without cause, the counterclaim for breach of the implied covenant of good faith and fair dealing (sixth counterclaim) was also properly dismissed, as that provision is inconsistent with Kim's position that plaintiffs were obliged to keep him on for the full three-year term of the consulting agreement (see Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 410 [2023]). Furthermore, even if Wang's actions after firing Kim ultimately hurt the company's financial performance, an implied covenant claim still would not lie, as Wang's conduct consisted entirely of acts that she was authorized to do under the agreement (see Transit Funding Assoc., LLC v Capitol One Equip. Fin. Corp., 149 AD3d 23, 30 [1st Dept 2017]). In any event, the implied covenant counterclaim is duplicative of the breach of contract counterclaims because they arise from the same facts — namely, Kim's termination and the allegedly improper calculation of stockholder equity (see MBIA Ins. Corp. v Countryside Home Loans, Inc., 87 AD3d 287, 297 [1st Dept 2011]).
Given our finding that the consulting agreement is valid, Kim's unjust enrichment and conversion counterclaims (eighth and ninth counterclaims) were properly dismissed [*2]as duplicative of the counterclaims sounding in breach of contract (see e.g. Jeffers v American Univ. of Antigua, 125 AD3d 440, 443 [1st Dept 2015]).
Kim also failed to establish his entitlement to summary judgment on his counterclaim for fraud in the inducement (third counterclaim) and Supreme Court properly granted plaintiffs' motion for summary judgment dismissing that claim, as that counterclaim, too, is duplicative of the breach of contract counterclaims (see MaÑas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008]). Kim produced no evidence to support his allegation that Wang had a preconceived intention to terminate his consulting agreement before the full term and to terminate him soon after the closing; at most, the evidence showed that the transaction did not turn out the way that Kim had hoped (cf. Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 349-350 [1999]).
However, Supreme Court should not have granted Wang's motion for a judgment declaring that she owes nothing to Kim, as the record presents an issue of fact regarding the amount of AOT's stockholder equity, and hence, the balance on the promissory note. In January 2017, Kim made withdrawals from AOT's checking account to pay taxes for himself and members of his family; the company's trial balance reports characterize these amounts as "Loan to Stockholder" — that is, an asset. However, one of the trial balance reports contains the handwritten notation, "To reclass to distributions to shareholders." As a result, issues of fact exist regarding whether the tax payments were distributions, which would operate to reduce stockholder equity, or loans, which would not.
Supreme Court properly granted summary judgment in favor of plaintiff Karsah International, Inc. on the ground that Karsah's forfeiture of the shares that it bought from Kim satisfied all its obligations to him. We reject Kim's contention that Karsah should be equitably estopped from invoking the nonrecourse provision of the Stack Purchase Agreement (SPA). Although Kim changed his position to his injury by selling AOT under the terms of the SPA, he cannot point to any word or deed by Karsah on which he detrimentally relied with respect to the forfeiture provision (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]).
Nonetheless, although Karsah's liability is nonrecourse, Wang's liability under her guaranty was not. Therefore, we reinstate the counterclaim for breach of the guaranty (second counterclaim) and for attorneys' fees and costs under the guaranty (twelfth counterclaim), which are both interposed against Wang alone (see In re South
Side House, LLC, 470 BR 659, 678, 680, 682 [Bankr ED NY 2012]).
We have considered Kim's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024