■ ARTHUR A. SCHNEIDER et al., Appellants, v BRIAN A. JARMAIN, Respondent. [925 NYS2d 487]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered May 11, 2010, dismissing the complaint, and bringing up for review an order, same court and Justice, entered April 9, 2010, which granted defendant's motion to dismiss, unanimously affirmed, with costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs' claim of breach of the alleged 2005 oral agreement is precluded by the letter of intent, executed by the parties in 2006, which both contains a general merger clause and expressly denies the existence of any binding agreement between the parties (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599-600 [1997]). Indeed, the letter of intent merely provides the framework for continuing negotiations aimed at the execution of a binding agreement, and therefore is itself an unenforceable agreement to agree (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]).

The letter of intent also provides that it may be amended only by written agreement signed by the parties. This provision is fatal to plaintiffs' claim that defendant demonstrated the existence of the oral agreement by his subsequent actions in, among other things, representing himself to third parties as plaintiff Schneider's partner (*see Valentino v Davis*, 270 AD2d 635, 638 [2000]; *see also Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165, 179 [2007]).

Plaintiffs failed to articulate any argument as to their noncontract claims, and thus have abandoned their appeal from the dismissal of those claims (*see Mehmet v Add2Net, Inc.*, 66 AD3d 437, 438 [2009]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 30802(U).]**