■ FORTRESS CREDIT CORP. et al., Respondents, v DECHERT LLP, Appellant. [934 NYS2d 119]—

In 2005, Marc Dreier, who was then an attorney, proposed to plaintiffs that they participate in a short-term note program to finance the purchase of foreign real estate assets. The designated borrower would be Dreier's clients, Solow Realty & Development Company, LLC, and affiliated companies controlled by real estate developer Sheldon Solow (collectively Solow Realty), and Dreier would be the guarantor. The parties executed two loans totaling $60 million in 2006, and, in 2008, Dreier proposed an-

other $50 million loan transaction. For this last loan transaction, plaintiffs required Solow Realty and Dreier to retain independent counsel to issue a legal opinion as to whether Solow Realty and Dreier had carried out the necessary formalities to render the loan documents valid and binding on them. Ostensibly, Solow Realty and Dreier retained defendant for this purpose. Dreier furnished the necessary documents and information to defendant for the preparation of the opinion. All the documents to which Solow Realty was a signatory appeared to have been signed by Solow Realty, and some bore "what appeared to be" the signatures of Sheldon Solow and Solow Realty's CEO.

Plaintiffs contend that they relied on defendant's legal opinion that the loan documents were duly executed and delivered and that the loan was a valid and binding obligation on Solow Realty and Dreier. Plaintiffs wired $50 million to an attorney trust account set up at Dreier's firm. Several months later, Dreier was arrested in connection with another fraud scheme, and plaintiffs discovered that Solow Realty had no knowledge of and was never a party to the loan transactions and that Dreier had falsified the documents and forged the Solow Realty signatures.

The allegation that defendant acted recklessly in failing to confirm that Solow Realty was in fact involved in the loan transaction is not a sufficient allegation of scienter, an element of the cause of action for fraud, especially since the factual allegations of this complaint do not establish that defendant made a knowingly false statement or that defendant was a knowing participant in the fraud (*see LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 110 [2001]).

The legal malpractice cause of action fails because the parties had no attorney-client relationship (*see Denenberg v Rosen*, 71 AD3d 187, 195-196 [2010], *lv dismissed* 14 NY3d 910 [2010]). While plaintiffs were meant to benefit by defendant's actions on behalf of Solow Realty, "that circumstance does not give rise to a duty [to plaintiffs] on the part of the attorney" (*Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52, 60 [2007]).

Although there is no contractual privity between the parties, the complaint sufficiently alleges a relationship of "near privity" for the purpose of stating a cause of action for negligent misrepresentation or negligence (*see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384-385 [1992]). Plaintiffs allege that the particular purpose of the opinion letter was to aid them in deciding whether to enter into the loan transaction, that defendant was aware that they were relying on the opinion in making that decision, and that

defendant evinced its understanding of that reliance by addressing the legal opinion to them. However, the complaint fails to allege (a) that plaintiffs informed defendant that its obligations were not limited solely to a review of relevant and specified documents or (b) that plaintiffs informed defendant that it was to investigate, verify and report on the legitimacy of the transaction. Absent such factual allegations, plaintiffs cannot establish that defendant breached a duty of care. As Dreier was Solow Realty's attorney and the guarantor of the loan, defendant had no reason to suspect that Solow Realty was not in fact a party to the loan transaction or that Dreier forged the signatures of its principal and CEO. We note that plaintiffs had previously made two large loans to Dreier, while represented by international firms that specialized in financial transactions. Prior to Dreier's arrest, plaintiffs never suspected fraud.

Moreover, the opinion, by its very terms, provided only legal conclusions upon which plaintiffs could rely. The opinion was clearly and unequivocally circumscribed by the qualifications that defendant assumed the genuineness of all signatures and the authenticity of the documents, made no independent inquiry into the accuracy of the factual representations or certificates, and undertook no independent investigation in ascertaining those facts. Thus, defendant's statements as contained in the opinion, were not misrepresentations (*see Prudential Ins. Co.*, 80 NY2d at 386-387). Finally, in accordance with the loan agreement, the opinion was reviewed by plaintiffs' counsel before plaintiffs accepted it.

For the reasons discussed above, we also find that the complaint fails to state a cause of action for breach of fiduciary duty. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.