[995 NYS2d 439]

Diana L. Kosterich, Plaintiff, v Frank Ciotta & Associates et al., Defendants.

Supreme Court, Westchester County, August 8, 2014

## APPEARANCES OF COUNSEL

*Jeffrey A. Kosterich, LLC*, Tuckahoe (*Jeffrey A. Kosterich* of counsel), for plaintiff.

*L'Abbate, Balkan, Colavita & Contini, L.L.P.*, Garden City (*Scott E. Kossove* of counsel), for defendants.

## OPINION OF THE COURT

Paul I. Marx, J.

It is ordered that (1) plaintiff's motion (a) to remove defendant Alan Hindesman from the caption,[1] and (b) for summary judgment are denied; and (2) defendants' motion for summary judgment is granted.[2]

This action arises out of an appraisal performed by defendants, Frank Ciotta & Associates, Inc. and Alan Hindesman, of real property owned by plaintiff, Diana L. Kosterich. In June 2013, plaintiff sought to refinance an existing home equity loan on her home at 10 Sturbridge Place, Scarsdale, New York 10538. To refinance her home equity loan, plaintiff attempted to secure a $600,000 loan from Fairway Independent Mortgage Corporation (Fairway) using the premises as collateral. Before approving plaintiff's loan application, Fairway required that plaintiff obtain an appraisal of the premises from defendants. Plaintiff paid defendants $700 to perform the appraisal.

On or about July 1, 2013, defendants completed a Uniform Residential Appraisal Report on the premises indicating the value of the premises to be $720,000. In determining the value of the property, defendants used three sales of comparable properties which took place within the last six months to a year that were located within a half mile of the premises.

Plaintiff alleges that defendants were negligent in their appraisal of the premises and committed professional malpractice. Plaintiff asserts that defendants breached their duty to her by failing to exercise the reasonable care, skill, and diligence in performing their appraisal report as an ordinarily prudent appraiser and appraisal company would use under similar circumstances. Specifically, plaintiff alleges that defendants failed to use appropriate or accurate comparables in valuing the premises

---

1. Plaintiff filed her motion to remove Alan Hindesman from the caption and for summary judgment on February 21, 2014, and set the return date of the motion for March 19, 2014. On March 12, 2014, the parties stipulated to adjourn the motion to April 16, 2014. The court administratively adjourned the motion to the following Monday, April 21, 2014. Defendants filed their motion for summary judgment on April 17, 2014 and set the return date of the motion for May 19, 2014. On July 25, 2014, these motions were reassigned to the undersigned for decision. The motions are consolidated for disposition.

2. The court received correspondence from the parties disputing whether defendants' opposition was timely filed. The New York State Courts E-Filing system indicates that defendants' opposition was filed on April 14, 2014. Therefore, defendants' opposition papers were timely and will be considered by the court.

and failed to provide support for their final valuation of the premises. Plaintiff also alleges that defendants failed to comply with the Uniform Standards of Professional Appraisal Practice in preparing the appraisal.

Plaintiff asserts that, due to defendants' negligent preparation of the appraisal at issue, the premises were valued approximately $200,000 lower than their actual value. Plaintiff alleges that but for the low appraisal value of the premises ascribed to it by defendants, Fairway would have approved plaintiff's $600,000 loan. Plaintiff asserts that she suffered damages of over $2,000,000 as a result of defendants' negligence. In support of her claim for damages, plaintiff states that "Defendant's [sic] action resulted in Plaintiff's inability to refinance a loan at historical [sic] favorable rates."[3]

Plaintiff moves for summary judgment based on what she characterizes as her presentation of prima facie evidence of defendants' professional malpractice. In opposition, defendants argue that plaintiff was not in privity with them and therefore they owed her no duty. Defendants also contend that plaintiff has not established that their purported malpractice was the proximate cause of her damages and she failed to provide sufficient evidence supporting her assertion that their appraisal was inaccurate.

Defendants move for summary judgment based on the same grounds regarding lack of privity that they asserted in opposition to plaintiff's motion. In opposition, plaintiff asserts that defendants owed her a duty under the "near privity" doctrine. She also claims that her damages are "easily quantifiable" because she did not receive a refinanced loan at "historical [sic] favorable rates" and that defendants' appraisal was inaccurate because it did not use correct comparables.

CPLR 3212 (b) states in pertinent part that a motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." "[A] viable cause of action for professional malpractice or negligence 'requires that the underlying relationship between the parties be one of contract or of the bond between them so close as to be the functional equivalent of contractual privity.' " (*Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 464 [1st Dept 2007], quot-

---

**3.** Affirmation in opposition of Jeffrey A. Kosterich, Esq. ¶ 10.

ing *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 419 [1989]; *see also Mannix Indus. v Antonucci*, 191 AD2d 482 [2d Dept 1993].)

Defendants allege that there is no privity between the parties as defendants were hired by, and acted on behalf of, Fairway, not plaintiff. Plaintiff does not dispute that there is no contract between the parties but asserts that there is near privity. She argues that she paid defendants to perform the appraisal on which Fairway relied and that such reliance established a relationship of "near privity" between plaintiff and defendants. Defendants counter by stating that to give rise to a relationship of near privity, plaintiff, not Fairway, must have relied on defendants' appraisal.

Plaintiff relies on *Fortress Credit Corp. v Dechert LLP* (89 AD3d 615 [1st Dept 2011]), which she asserts has identical facts to this case, to support her claim that a relationship of near privity existed between the parties. In *Fortress Credit Corp.*, a lender brought suit against a law firm for professional malpractice and negligent misrepresentation. (*Id.* at 616.) The defendant law firm had written a legal opinion for its client, a borrower, on whether relevant loan documents had been carried out with the formalities necessary to make them binding. (*Id.*) In its written legal opinion letter, the law firm determined that the relevant loan documents had been duly executed and delivered. (*Id.*) The lender alleged that it sustained damages by relying on the law firm's faulty written opinion. (*Id.*) The Court found that the lender had sufficiently alleged a relationship of "near privity" between itself and the law firm because the lender alleged

> "that the particular purpose of the opinion letter was to aid [the lender] in deciding whether to enter into the loan transaction, that [the law firm] was aware that [the lender was] relying on the opinion in making that decision, and that [the law firm] evinced its understanding of that reliance by addressing the legal opinion to [the lender]." (*Fortress Credit Corp.* at 616-617.)

Plaintiff's reliance on *Fortress Credit Corp.* is misplaced. The facts in that case are far from analogous to the instant case. Indeed, the appraisal itself negates any reasonable reliance by plaintiff, for it states:

> "the Intended User of this appraisal report is the Lender/Client. The Intended Use is to evaluate the

property that is the subject of this appraisal for a mortgage finance transaction, subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and Definition of Market Value. No additional Intended Users are identified by the appraiser . . . A borrower or third party may receive a copy of the appraisal, however, it does not mean that the borrower or third party is an intended user."[4]

It is clear from the language of the appraisal that plaintiff could not reasonably rely on the appraisal. The appraisal specifically states that "[a] borrower or third party may receive a copy of the appraisal, however, it does not mean that the borrower or third party is an intended user." The stated purpose of the appraisal was solely to aid Fairway in performing its assessment of plaintiff's loan application. Further, plaintiff did not rely on defendants' appraisal. In fact, she rejected the results of the appraisal as inaccurate from the outset. (*See Parrott v Coopers & Lybrand*, 95 NY2d 479, 484 [2000].) Upon receipt of a copy of the appraisal, plaintiff contacted Fairway to contest its results and seek a modification. Plaintiff also contacted another real estate appraiser in an effort to obtain more favorable comparables than those used by defendants in their report. Plaintiff does not even allege that she relied on defendants' appraisal.

To establish a relationship so close as to approach that of privity, the following criteria must be met:

"(1) an awareness by the maker of the statement that it is to be used for a particular purpose, (2) reliance by a known party on the statement in furtherance of that purpose, and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." (*Vineyards Hills Devs., Inc. v Dewkett Eng'g, P.C.*, 56 AD3d 763, 763 [2d Dept 2008], citing *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985].)

Here, defendants' appraisal indicates that it would be used by Fairway for the particular purpose of determining whether to issue a loan to plaintiff secured by the premises. Plaintiff submits no evidence indicating that defendants were aware that the appraisal would be used by her in any manner. Instead, plaintiff attempts to piggy back on Fairway's reliance on the ap-

---

4. Plaintiff's notice of motion, exhibit A at 4.

praisal because it was made in connection with her loan application.

Plaintiff claims that she paid $700 to defendants for the appraisal. Plaintiff attaches an invoice from defendants which is addressed to Fairway and states that the $700 fee was "[p]aid in full via check."[5] The invoice does not identify who paid the $700 fee. Although plaintiff may have ultimately paid for the appraisal, she offers no evidence that she made direct payment to defendants. In any event, merely arranging for services and paying for those services is not enough to create privity. (*See Conti v Polizzotto*, 243 AD2d 672, 673 [2d Dept 1997].)

Defendants have made a prima facie case that no relationship existed between plaintiff and themselves that gave rise to privity or near privity. Plaintiff has not raised any genuine issue of material fact. Therefore, defendants are entitled to summary judgment. Plaintiff has failed to allege facts sufficient to establish that a "near privity" relationship existed between her and defendants. Thus, plaintiff cannot maintain her causes of action against them.

Accordingly, it is ordered that defendants' motion for summary judgment is granted. It is further ordered that plaintiff's motion for summary judgment is denied. It is further ordered that plaintiff's motion to remove defendant Alan Hindesman from the caption is denied as moot. All other arguments advanced and requests for relief not specifically addressed herein have been considered and are denied.

---

5. Plaintiff's notice of motion, exhibit C.