■ GLENN J. MENDOZA, M.D., Appellant, v AKERMAN SENTERFITT LLP et al., Respondents. [10 NYS3d 18]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 23, 2013, which, to the extent appealed from, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) with prejudice, unanimously affirmed, without costs.

Plaintiff is a doctor specializing in pediatric, prenatal, and

neonatal medicine. In April 2000, he joined nonparty Children's and Women's Physicians of Westchester, LLP (CWPW). He signed both an Amended and Restated Partnership Agreement dated, January 29, 1999, and an employment agreement that was subsequently amended in April 2002.

During the negotiations between CWPW and plaintiff, CWPW was represented by defendant Eric W. Olson's prior law firm, and plaintiff was represented by independent counsel.

CWPW's partnership agreement states, among other things, "The Partners acknowledge that the Law Firm is representing the Partnership with respect to this Partnership Agreement; and . . . EACH PARTNER HAS BEEN ADVISED TO RETAIN INDEPENDENT COUNSEL to advise him" (emphasis in original). The employment agreement contains a similar provision. The partnership and employment agreements also state that no partner or employee shall practice medicine "except as an employee of the Partnership."

On October 25, 2010, nonparty Dr. Leonard Newman, CWPW's president, sent an email to CWPW's managing partners, including plaintiff. Newman's email forwarded an email from defendant Olson, now a member of defendant Akerman Senterfitt LLP, regarding certain amendments to the partnership agreement: "I am forwarding to each of you the recommendation of our attorney, Eric Olson . . . in the development of a tiered structure for Managing Partners . . . . Please review the explanation listed below from Eric Olson. Questions can be directed to Mr. Olson [at his office]. . . . You can come to [an office at CWPW's principal place of business] to review the documents. However, due to the confidential nature of the documents, we need to limit their distribution beyond the Chairman's Office. Please stop by before November 15th."

Olson's email stated, "This e-mail intends to summarize the two major changes to CWPW's Partnership Agreement"— namely, "Implementation of a Tiered Managing Partner Structure" and "Entities as Partners" [to meet requirements in the agreement]. In addition to "the two major changes" that Olsen mentioned, the amendment also amended, as relevant here, the grounds for removal of managing partners and the grounds for dissociation of a partner.

On March 8, 2011, Olson sent plaintiff a notice that CWPW intended to terminate his employment based on breaches of the employment agreement—specifically, because of his "pranic healing" practice. Thereafter, plaintiff commenced the instant action asserting causes of action for aiding and abetting CWPW's breach of its fiduciary duty to plaintiff, breach of de-

fendants' fiduciary duties to plaintiff, fraud, negligent misrepresentation, tortious interference with contract and/or prospective economic advantage, and legal malpractice. Plaintiff's allegations are based on his contention that defendants drafted certain amendments, not mentioned in the email, to expedite and facilitate his termination from the partnership. Defendants moved to dismiss the complaint under CPLR 3211 (a) (1) and (7).

Contrary to plaintiff's argument, the court applied the correct standards on this motion to dismiss and did not effectively convert the motion into one for summary judgment (*see Zyskind v FaceCake Mktg. Tech., Inc.*, 110 AD3d 444 [1st Dept 2013]). The court properly deemed the above emails that were described and quoted in the complaint itself to be documentary evidence (*see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432-433 [1st Dept 2014]).

The claim for breach of fiduciary duty was correctly dismissed since defendants, who represented nonparty CWPW, did not owe a fiduciary duty to plaintiff, then a partner of CWPW (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561-562 [2009]). Because defendants did not owe plaintiff a fiduciary duty, so much of the third cause of action as alleges fraudulent concealment was correctly dismissed (*see e.g. SNS Bank v Citibank*, 7 AD3d 352, 356 [1st Dept 2004]).

So much of the third cause of action as alleges fraudulent misrepresentation was correctly dismissed because defendants' email did not constitute a misrepresentation of fact (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178-179 [2011]; *Fortress Credit Corp. v Dechert LLP*, 89 AD3d 615, 617 [1st Dept 2011], *lv denied* 19 NY3d 805 [2012]). Nor did plaintiff show justifiable reliance. Whether the two major changes created by the 2010 amendments to CWPW's partnership agreement were the two items mentioned in defendants' email was not a matter "peculiarly within [defendants'] knowledge" (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 278 [2011] [internal quotation marks omitted]). Plaintiff could have ascertained the truth "by the exercise of ordinary intelligence" (*id.* [internal quotation marks omitted]), viz., by reviewing the amendments at CWPW's office (*see Sorenson v Bridge Capital Corp.*, 52 AD3d 265, 266 [1st Dept 2008], *lv dismissed* 12 NY3d 748 [2009]; *Vulcan Power Co. v Munson*, 89 AD3d 494 [1st Dept 2011], *lv denied* 19 NY3d 807 [2012]).

The claim for negligent misrepresentation was correctly dismissed because, even if an opinion or matter of judgment

such as "the two major changes" could be incorrect, plaintiff, as indicated, did not reasonably rely on it (*see Mandarin*, 16 NY3d at 180).

The legal malpractice claim was correctly dismissed because, as plaintiff acknowledged in his opening brief on appeal, defendants were CWPW's attorneys, not his (*see Waggoner v Caruso*, 68 AD3d 1, 5 [1st Dept 2009], *affd* 14 NY3d 874 [2010]). Nor can plaintiff maintain a malpractice claim based on the fraud exception to the privity rule, since, as indicated, his fraud claim is not viable (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]; *Griffith v Medical Quadrangle*, 5 AD3d 151, 152 [1st Dept 2004]).

The claim of aiding and abetting CWPW's breach of its fiduciary duty to plaintiff fails because defendants' actions (e.g. conducting an investigation and drafting amendments to a partnership agreement) were "completely within the scope of [their] duties as . . . attorney[s]" (*Art Capital Group, LLC v Neuhaus*, 70 AD3d 605, 606 [1st Dept 2010]).

Having failed to make any specific arguments about his tortious interference claim in his appellate briefs, plaintiff has abandoned his appeal from the dismissal of that claim (*see e.g. Schneider v Jarmain*, 85 AD3d 581 [1st Dept 2011]).

The court properly denied plaintiff's request, at oral argument, for leave to amend. Since plaintiff failed to submit a proposed amended pleading, the motion court could not—nor can we—judge whether the proposed amendment would have merit or be sufficient (*see Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 25 [1st Dept 2003]). Even on appeal, plaintiff does not explain how an amended complaint would cure any defects (*see Cusack v Greenberg Traurig, LLP*, 109 AD3d 747, 749 [1st Dept 2013]). On the contrary, he contends that his original complaint is more than sufficient.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.