■ SELAJDIN SEJFULOSKI et al., Appellants-Respondents, v MICHELSTEIN & ASSOCIATES, PLLC, et al., Respondents-Appellants. [27 NYS3d 147]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 23, 2014, which denied plaintiffs' motion for summary judgment, denied defendants' motion for summary judgment dismissing the claims of plaintiff Selajdin Sejfuloski's, and granted defendants' motion for summary judgment dismissing plaintiff Selvijan Sejfuloska's claim for loss of consortium, unanimously modified, on the law, to dismiss the claims of Selajdin Sejfuloski against Richard Ashman, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The motion court correctly declined to dismiss the complaint of Selajdin Sejfuloski as against defendants Michelstein & Associates, PLLC, Michelstein & Greenberg, LLP, and Steven D. Michelstein (collectively, the firms). The firms' decision in the

underlying personal injury action not to sue the tenant in possession of the office space where plaintiff Selajdin Sejfuloski was injured cannot, as a matter of law, be characterized as a reasonable course of action (*compare Rosner v Paley*, 65 NY2d 736 [1985]). Further, the firms' claim that this decision was part of a strategy in which they focused on Labor Law claims is bellied by the pleadings in the personal injury action, which allege common law liability premised on lessee status, albeit against incorrect parties. Moreover, since the firms were aware at the outset that there was no construction, renovation, or demolition going on at the time plaintiff, a daily cleaner, was hit on the head by a falling piece of cabinetry, a Labor Law strategy was of dubious merit.

Questions of fact exist, however, with regard to whether, but for the negligence of the firms, plaintiff would have recovered (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 67 [1st Dept 2002]). It is possible that the tenant could have been found responsible since its contractor allegedly caused and created the defect, an improperly installed cabinet, and the affidavit submitted in the underlying action did not foreclose the possibility that tenant was on notice of a problem with the cabinet (*see e.g. Grant v Caprice Mgt. Corp.*, 43 AD3d 708, 709 [1st Dept 2007]). But such a finding cannot be said now to have been a certain occurrence but for the firms failure to name the tenant. Thus, the motion court correctly denied plaintiff summary judgment over the firms.

The motion court also correctly dismissed the derivative claims of plaintiff wife, Selvijan Sejfuloska. No evidence was adduced that the firms were even aware that the injured plaintiff was married. Thus, there was no evidence of an attorney-client relationship in the first instance (*see Fortress Credit Corp. v Dechert LLP*, 89 AD3d 615, 616 [1st Dept 2011], *lv denied* 19 NY3d 805 [2012]).

The motion court should have, however, dismissed plaintiffs' complaint as against Richard Ashman, since he was not a member of or partner in the firms that represented plaintiff. Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.