Urban Well Acupuncture, P.C., a/a/o Francisca Garcia, Plaintiff-Appellant,
against
Hereford Ins. Co., Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered February 11, 2015, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




Per Curiam.
Order (Jose A. Padilla, Jr., J.), entered February 11, 2015, affirmed, with $10 costs.
The defendant-insurer made a prima facie showing of entitlement to summary judgment dismissing the action for first-party no-fault benefits by establishing that it timely denied certain no-fault claims on the ground that the fees plaintiff charged for the acupuncture services it rendered to the assignor exceeded the amount permitted by the worker's compensation fee schedule (see Akita Med. Acupuncture, P.C. v Clarendon Ins. Co., 41 Misc 3d 134[A], 2013 NY Slip Op 51860[U][App Term, 1st Dept 2013]; Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d, 11th & 13th Jud Dists 2009]), and that the remaining claims were paid by defendant pursuant to a settlement agreement.
In opposition, plaintiff failed to raise a triable issue as to the efficacy of defendant's mailing of the denials (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]), or the calculation of the fee. Accordingly, defendant's motion for summary judgment dismissing plaintiff's claims - which sought the difference between the amount charged for the acupuncture services and payments made to plaintiff pursuant to the fee schedule or settlement agreement, was properly granted.
Plaintiff's remaining contentions are either without merit or, where plaintiff failed to articulate any specific arguments in its appellate brief, abandoned on appeal (see Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: April 18, 2016