Devlin v Greenberg Traurig, LLP (2019 NY Slip Op 04653)





Devlin v Greenberg Traurig, LLP


2019 NY Slip Op 04653


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9587 156554/17

[*1]Thomas P. Devlin, Plaintiff-Appellant,
v
Greenberg Traurig, LLP, Defendant-Respondent.


FG McCabe & Associates, PLLC, New York (Gerard McCabe of counsel), for appellant.
Steptoe & Johnson LLP, New York (Justine Y.K. Chu of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), which, insofar as appealed from, granted defendant's motion to dismiss the causes of action for fraud and breach of fiduciary duty pursuant to CPLR 3211(a)(7), unanimously reversed, on the law, without costs, and the motion denied.
The court dismissed the fiduciary duty claim on the ground that there was no fiduciary relationship between the parties. However, plaintiff alleges that he — as well as Fiore Films LLC — was defendant's client. He does not base his claim of an attorney-client relationship solely on the fact that he paid the bills that defendant sent to Fiore Films (see Matter of Priest v Hennessy, 51 NY2d 62, 69-70 [1980]) and was a part owner of that entity (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562 [2009]; Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 482 [1st Dept 2015]). The amended complaint alleges that defendant "knew that [plaintiff] was dependent and was relying on [it] . . . to provide honest and diligent advice with respect to escrow funds." In addition, the affirmation by plaintiff's lawyer Gerard Keogh, which plaintiff submitted in opposition to defendant's motion, says, "As early as 2011, Steven Beer [the partner at defendant responsible for the engagement] knew that he had to advise and counsel . . . Plaintiff individually."
Defendant suggests that it could not have represented plaintiff because he was already represented by Keogh. However, Keogh said, "Since I did not have experience in the Entertainment Sector, I advised [plaintiff] to secure the representation of an experienced Entertainment lawyer." It is certainly possible for a client to have more than one lawyer.
The fraud claim should not have been dismissed as this stage as the amended complaint adequately pleads the elements of fraud, including scienter (see Houbigant, Inc. v Deloitte & Touche LLP, 303 AD2d 92 [1st Dept 2003])
Although the fiduciary duty and fraud claims should be reinstated, plaintiff's damages should not include the $10 million in alleged damage to the film project, as opposed to the $1.3 million that he lost via the escrow account [FN1]. The amended complaint alleges that Fiore Film's credibility was damaged. However, plaintiff has no individual cause of action against defendant for injuring Fiore Films (see Serino v Lipper, 123 AD3d 34, 39 [1st Dept 2014]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK



Footnotes

Footnote 1: Defendant submitted a July 28, 2011 letter that says that Junior G' Motion Picture, LLC, rather than plaintiff, deposited the money into the escrow account. However, as plaintiff alleges that it was procured by fraud, the letter does not conclusively refute his allegation that he deposited money into the escrow account.