Binn v Muchnick, Golieb & Golieb, P.C. (2020 NY Slip Op 01302)





Binn v Muchnick, Golieb & Golieb, P.C.


2020 NY Slip Op 01302


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


158105/17 11127A 11127

[*1] Moreton Binn, etc., et al., Plaintiffs-Appellants,
v
Muchnick, Golieb & Golieb, P.C., etc., et al., Defendants-Respondents.


Felicello Law P.C., New York (Rosanne E. Felicello of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for Muchnick, Golieb & Golieb, P.C., and John Golieb, respondents.
Morea Schwartz Bradham Friedman & Brown LLP, New York (Thomas A. Brown II of counsel), for DLA Piper LLP (US), and Sydney Burke, respondents.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about March 7, 2019, which granted defendants' motions to dismiss the complaint as against them pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
Plaintiffs allege that their long-time attorneys, defendants John Golieb, Esq. and Muchnick, Golieb & Golieb, P.C. (together, the Golieb defendants), gave poor advice in connection with a series of transactions in 2014, 2015 and 2016, resulting in the loss of plaintiffs' majority interest and dilution of their interest in their airport spa business, XpresSpa Holdings, LLC (XpresSpa), as well as other damages. The motion court correctly concluded that documentary evidence, including emails and transaction documents, rendered it "essentially undeniable" that plaintiffs were advised of and/or otherwise understood the terms of the transactions they entered into in 2014 and 2015, as well as their alternative options, if any (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014] [internal quotation marks omitted]). Those documents "conclusively establish[] a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]; see CPLR 3211[a][1]).
The court correctly concluded that plaintiffs failed to establish that the Golieb defendants were the proximate cause of any damages in connection with the 2016 vote on the merger of XpresSpa and its acquisition by Form Holdings Corp. Documents show that plaintiff Moreton Binn voted in favor of the merger "under protest," that he felt "frozen . . . out" of the merger negotiations, and that he received inadequate information from Form Holdings — factors outside of the Golieb defendants' control. Moreover, in connection with their execution of the Joinder Agreement relating to the merger, plaintiffs retained separate counsel to represent them and the minority shareholders in evaluating the voluminous merger and acquisition documents by reviewing the documents and summarizing their terms for the minority shareholders. Thus, separate counsel was an intervening and superseding cause of any damages (see Boye v Rubin & Bailin, LLP, 152 AD3d 1, 10 [1st Dept 2017]).
The court correctly dismissed the legal malpractice claim against defendants DLA Piper LLP (US) (DLA) and Sidney Burke (collectively, the DLA defendants), counsel for Mistral Equity Partners (Mistral), an investor in plaintiffs' business, and its related entities, including Mistral XH, which facilitated the 2016 merger. Plaintiffs do not dispute that there was no attorney-client relationship, and, contrary to their contentions, there is no near privity to support a claim of legal malpractice (see e.g. Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 60-61 [1st Dept 2007]). Nor is any other ground for a legal malpractice claim alleged (see Good [*2]Old Days Tavern v Zwirn, 259 AD2d 300 [1st Dept 1999]). Plaintiffs signed the 2016 Joinder Agreement, dated October 28, 2016, which acknowledges that "DLA Piper LLP (US) is not representing and will not represent any Member ... other than the Mistral Vehicles" in connection with the Joinder Agreement or other transaction documents.
The court correctly dismissed the claim that the DLA defendants aided and abetted Mistral XH's breach of fiduciary duty, in which plaintiffs allege that the DLA defendants drafted amendments in the merger documents to increase the number of plaintiffs' shares to be held in escrow, thereby advancing Mistral XH's interests to plaintiffs' detriment. This is merely an allegation that the DLA defendants performed routine legal services on behalf of their client, Mistral XH, which does not amount to "substantial assistance" in the commission of the alleged breach (see Learning Annex, L.P. v Blank Rome LLP, 106 AD3d 663, 663 [1st Dept 2013], lv denied 22 NY3d 859 [2014]; Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [1st Dept 2015]).
Plaintiffs abandoned their appeal from the dismissal of the breach of fiduciary duty claims by failing to make any arguments about it in their appellate briefs (see Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [2015]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK