Gottesman Co. v A.E.W, Inc. (2021 NY Slip Op 00233)





Gottesman Co. v A.E.W, Inc.


2021 NY Slip Op 00233


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 651186/19 Appeal No. 12878 Case No. 2019-04040 

[*1]Gottesman Company, Plaintiff-Appellant,
v
A.E.W, Inc., Formerly Known as American Eagle Wheel Corporation, Doing Business as Eagle Alloys, et al., Defendants-Respondents.


Himmel & Bernstein, LLP, New York (Andrew D. Himmel of counsel), for appellant.
DCL Firm (DeCristofaro Law), New York (Jason R. Mischel of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered August 23, 2019, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for partial summary judgment as moot, unanimously affirmed, with costs.
Plaintiff Gottesman Company (Gottesman), a business intermediary, specializing in finding buyers for sellers and sellers for buyers commenced this action against defendants A.E.W, Inc., f/k/a American Eagle Wheel Corporation, d/b/a Eagle Alloys (AEW), Johanna Elbertse (Elbertse), Raymond Elbertse, Maria Margaret Furcolow, and Sylvia Taite (together, defendants).
Gottesman alleges that on or about May or June 2017, it entered into an "exclusive right to sell agreement" (the agreement) with defendants, pursuant to which Gottesman would operate as an independent business transaction intermediary with respect to a sale, merger, or other business transaction in connection with AEW.
According to the complaint, prior to the execution of the agreement, AEW had been in discussions with a company called Wheel Pros, LLC (Wheel Pros). These discussions did not result in the consummation of any business transaction, and the discussions and negotiations between Wheel Pros and AEW concluded.
Gottesman alleged that, following the execution of the agreement, it engaged in efforts to locate a suitable purchaser or business partner for AEW. Gottesman communicated with Wheel Pros, and allegedly "revived" Wheel Pros' interest in purchasing AEW.
Defendants maintained that in December 2011, Platinum Equity, LLC, then-owner of Wheel Pros, engaged in discussion with AEW to purchase its manufacturing plant. Defendants submitted an email chain between Wheel Pros/Platinum Equity and AEW representatives from December 2011 to January 2012, evincing that those parties were working together to discuss a manufacturing arrangement or a merger and acquisition opportunity. Those discussions did not work out.
On June 15, 2017, AEW entered into an agreement with Gottesman, denoted a "seller's agreement" which stated:
"This is to confirm that if and when the company [AEW] or any related entity and/or the principal, shareholders, owners or any family member thereof ("Company") shall close a sale or merger in whole or part, recapitalization, management buyout, joint venture or other business transaction introduced through Gottesman, the Company or any other person or entity ("transaction"), then Gottesman shall be paid a Seller's fee, in full, on closing, in accordance with the following fixed fee schedule and total consideration as defined herein .
"Gottesman's sole responsibility under the Agreement shall be to act as a finder, i.e., to introduce business and business opportunities to the Company" (emphasis added).
On August 11, 2017, Vince Basso (Basso), an independent business intermediary of Gottesman, sent an email to Randall White (White), co-chief executive of Wheel Pros stating that they should discuss the opportunity [*2]of acquiring AEW. Basso averred that he spoke with White, who advised him to contact Jason Ellis of Audax to see if they would be interested in AEW based on a reduced selling price.
On October 10, 2017, AEW terminated the agreement with Gottesman.
Defendants state that in May 2018, they entered into discussions with Clearlake Capital Group (Clearlake), an entity that had purchased Wheel Pros in April 2018, for the sale of AEW's manufacturing plant to Clearlake. According to defendants, on July 10, 2018, Clearlake formed a limited liability company called WPM Holdings, Inc. (WPM), and on August 3, 2018, defendants and WPM (a wholly-owned subsidiary of Clearlake) entered into an asset purchase agreement (APA) to consummate those negotiations.
The complaint alleges that pursuant to the Gottesman/AEW agreement's fee schedule, Gottesman was entitled to $650,000, which defendants failed to pay. Gottesman asserted two causes of action: (1) because the agreement was an exclusive right to sell agreement, Gottesman was entitled to recover its fee from defendants regardless of whether its efforts led to the sale or transaction; and (2) even if the agreement did not constitute an exclusive right to sell, Gottesman would still be entitled to a fee because its efforts resulted in the ultimate transaction.
On May 3, 2019, defendants moved to dismiss the complaint pursuant to CPLR 3211. Gottesman cross-moved for partial summary judgment on the issue of liability, pursuant to CPLR 3212, and oppose defendants' motion. Supreme Court granted defendants' motion to dismiss the complaint and denied Gottesman's cross motion for partial summary judgment, as moot. Finding that the motion was "clearly converted by everybody to 3212 motions on summary judgment," the court found that Gottesman's own papers were insufficient to satisfy "a continuous connection and the direct responsibility for the ultimate deal," Gottesman appeals.
Based on the procedural posture of the case as chartered by the parties, we review this case under CPLR 3211(a)(1) and CPLR 3212.
The standard of review of a motion to dismiss pursuant to CPLR 3211(a)(1) is whether documentary evidence "conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]). In this case, the documentary evidence, which includes undisputed emails and transaction documents, renders it "'essentially undeniable'" that plaintiff and defendants entered into a finder's fee agreement and that plaintiff was not entitled to a fee because it neither introduced defendants to the ultimate buyer (see Binn v Muchnick, Golieb & Golieb, P.C., 180 AD3d 598, 598 [1st Dept 2020]; Kolchins v Evolution Mkts., Inc., 128 AD3d 47, 58 [1st Dept 2015], affd 31 NY3d 100 [2018]) nor "[brought] the parties together" (Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 163 [1993]).
Moreover, there are no disputed issues of fact and no need for further discovery pursuant to CPLR 3212. Accepting [*3]Gottesman's facts as true, and finding all inferences in favor of Gottesman, Gottesman was never involved with the 2011 discussions with AEW/Platinum Equity/Wheel Pros or the 2017 discussions with AEW/Audax/ Wheel Pros. Simply, Gottesman never introduced these entities, as required by the agreement.
Even if Gottesman's alleged communications in 2017 with Randall White, co-chief executive of Wheel Pros, could be viewed as the introduction of the availability of AEW at a reduced price, it is undisputed that Gottesman did not introduce the ultimate buyer, Clearlake, which formed WPM, after defendants terminated their relationship with Gottesman.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021