Sonenshine Partners, LLC v Duravant LLC (2021 NY Slip Op 01135)





Sonenshine Partners, LLC v Duravant LLC


2021 NY Slip Op 01135


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 657208/19 Appeal No. 13157 Case No. 2020-02313 

[*1]Sonenshine Partners, LLC, Plaintiff-Respondent-Appellant,
v
Duravant LLC, Defendant-Appellant-Respondent.


Binder & Schwartz LLP, New York (Lauren K. Handelsman of counsel), for appellant-respondent.
Cohen Milstein Sellers & Toll PLLC, New York (Michael B. Eisenkraft of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered April 21, 2020, which granted defendant's motion to dismiss to the extent of dismissing plaintiff's second cause of action for quantum meruit/unjust enrichment, and denied dismissal of the breach of contract claim, unanimously reversed, on the law, with costs, to grant dismissal of plaintiff"s breach of contract claim, and to deny the motion to dismiss the claim for quantum meruit/unjust enrichment.
Plaintiff Sonenshine Partners LLC (SP) commenced this action against defendant Duravant LLC, alleging causes of action for breach of contract and quantum meruit/unjust enrichment, based on a provision in a nondisclosure agreement (NDA) that "offered [SP] the opportunity to be engaged as Duravant's financial advisor with respect to a potential transaction involving [nonparty Maillis Group]." SP alleged that Duravant failed to compensate it for financial advisory services it rendered in connection with its purchase of a portion of the Maillis Group.
Regarding SP's breach of contract claim, the relevant provision in the NDA is an agreement to agree that is unenforceable (see Carmon v Soleh Boneh Ltd., 206 AD2d 450 [2nd Dept 1994], lv denied 85 NY2d 804 [1995], citing Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]). The agreement merely provides SP with the opportunity to act as a financial advisor based on terms to be negotiated later (see Foros Advisors v Digital Globe Inc., 333 F Supp 3d 354, 361 [SD NY 2018]; see also Schneider v Jarmain, 85 AD3d 581, 582 [1st Dept 2011]). The relevant provision failed to delineate the scope of SP's role, the types of investment banking services it would provide to Duravant, or the fees associated with any transaction.
Although the agreement stated that Duravant would use "commercially reasonable best efforts" to ensure that SP had the opportunity to serve as its financial advisor, this fails to provide an industry standard that could clarify the missing terms and render the agreement enforceable (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88 [1991]; cf. Cowen & Co, LLC v Fiserv, Inc., 141 AD3d 18 [1st Dept 2016]).
SP has, however, stated a claim for quantum meruit/unjust enrichment. Contrary to Duravant"s contentions, SP's claim is not barred by New York General Obligations Law (GOL) § 5-701(a)(10) because the complaint alleges that SP was not simply an intermediary, providing services in the negotiation or consummation of a business opportunity. Rather, it allegedly performed work aimed at informing Duravant whether to purchase Maillis or one of its subsidiaries (JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 766 [2015]; see also Dorfman v Reffkin, 144 AD3d 10, 19 [1st Dept 2016]). In any event, the agreement in conjunction with the emails between the parties could satisfy the requirements of GOL 5-701(a)(10) for purposes of SP's quantum meruit[*2]/unjust enrichment claim, as "the rule for a writing establishing quantum meruit claims is less exacting" (Chapman, Spira & Carson, LLC v Helix BioPharma Corp., 115 AD3d 526, 528 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021