Morgan & Mendel Genomics, Inc. v Amster Rothstein & Ebenstein, LLP (2022 NY Slip Op 00048)





Morgan & Mendel Genomics, Inc. v Amster Rothstein & Ebenstein, LLP


2022 NY Slip Op 00048


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 161405/19 Appeal No. 14969 Case No. 2021-00704 

[*1]Morgan and Mendel Genomics, Inc., Plaintiff-Appellant,
v
Amster Rothstein & Ebenstein, LLP, Defendant-Respondent.


Andrew Lavoott Bluestone, New York, for appellant.
Zukerman Gore Brandeis & Crossman, LLP, New York (Ted Poretz of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 18, 2021, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff has failed to allege a cognizable cause of action for legal malpractice (Franklin v Winard, 199 AD2d 220, 221 [1st Dept 1993]). The amended complaint does not sufficiently allege that defendant acted negligently with respect to the patent application. The gravamen of plaintiff's claim is that defendant had the obligation to independently investigate whether any prior publications had triggered a deadline for the patent application, and that defendant's failure to do so caused the application to be filed late and, ultimately, rejected. However, plaintiff has not alleged that defendant was specifically directed to "investigate, verify [or] report on the legitimacy" of the initial publication date of such publications (Fortress Credit Corp. v Dechert LLP, 89 AD3d 615, 617 [1st Dept 2011]). Defendant did not have any duty to do so under the alleged facts.
Nor is there any support for plaintiff's position that when a client with information necessary to fulfill the engagement supplies information to its lawyer, the attorney has the obligation to disbelieve the client and to conduct its own investigation to verify that information. Indeed, the initial complaint concedes that plaintiff knew of the December 15, 2011 publication date and did not correct defendant's misunderstanding that the first publication had occurred at a later date. As plaintiff indisputably possessed the knowledge it claims its attorney failed to convey to it  i.e., that the article had been published earlier  the malpractice claim also fails for this reason (Ableco Fin. LLC v Hilson, 109 AD3d 438, 438-439 [1st Dept 2013], lv denied 22 NY3d 864 [2014]). Plaintiff has also failed to sufficiently allege that defendant's purported negligence was the proximate cause of the patent application being rejected.
While the court did not reach the issue, the complaint was also untimely. A claim for legal malpractice is subject to a three-year statute of limitations (CPLR 214[6]). The malpractice accrues, and the limitation period starts running, when the act, error, or omission occurs (Shumsky v Einstein, 96 NY2d 164, 166 [2001]). Here, the alleged malpractice would have occurred no later than December 14, 2012, the last day that plaintiff contends that the patent application could have been timely filed. Plaintiff did not commence this action until November 22, 2019. The continuous representation doctrine does not save plaintiff's claim, given that plaintiff is not entitled to any tolling that might have occurred while defendant was representing nonparty Albert Einstein College of Medicine, a separate entity.
We have considered the plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: January 6, 2022