4720 Third Ave. Hous. LLC v CA Ventures LLC (2022 NY Slip Op 06879)

4720 Third Ave. Hous. LLC v CA Ventures LLC

2022 NY Slip Op 06879

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 653199/20 Appeal No. 16811 Case No. 2022-01920 

[*1]4720 Third Avenue Housing LLC et al., Plaintiffs-Appellants,
v
CA Ventures LLC et al., Defendants-Respondents.

Georgoulis PLLC, New York (Chris Georgoulis of counsel), for appellants.
Kelley Drye & Warren LLP, New York (Damon Suden of counsel), for respondents.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about September 23, 2021, which granted the motion of defendants CA Ventures, LLC and CA Student Living LLC to dismiss the complaint, unanimously affirmed, with costs.
This action concerns an alleged joint venture to build student housing on property located in the Bronx near Fordham University. According to the allegations in the complaint, a representative of plaintiff Hudson Meridian Construction Group met with defendants' representative in August 2018 and orally agreed that they would form a joint venture. They intended that the joint venture would pursue an agreement with nonparty Cactus Third Avenue LLC to jointly develop, manage, and own the student housing project. The complaint further alleges that defendants' representative agreed to a number of terms, including that Hudson Meridian would perform all redevelopment and preconstruction activities for the Project. They allegedly agreed that the costs of the redevelopment and preconstruction activities (the pursuit costs) would be shared pro rata by Hudson Meridian and plaintiff Ironburgh Holdings LLC, on the one hand, and defendants, on the other, with 55% allocated to defendants and 45% to Hudson Meridian-Ironburgh. According to the complaint, in April 2019, defendants and Hudson Meridian executed a joint venture term sheet, which explicitly stated that it was nonbinding and subject to the negotiation and execution of definitive agreements. As plaintiffs concede, the parties never executed any definitive joint venture agreement.
The documents that defendants submitted on the motion — namely, the exhibits to the complaint, the documents referred to in those exhibits, and documentary evidence including emails and transaction documents — "conclusively establish[] a defense to the asserted claims as a matter of law" (Binn v Muchnick, Golieb & Golieb, P.C., 180 AD3d 598, 599 [1st Dept 2020] [internal quotations omitted], quoting Leon v Martinez, 84 NY2d 83, 88 [1994]; see also Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432-433[1st Dept 2014]). The documentary evidence definitively refutes the allegations that defendants breached the parties' contract by failing to fund 55% of the project's pursuit costs. In fact, the April 2019 term sheet, along with emails from Hudson Meridian's principal, show that plaintiffs had no expectation of receiving funds from defendants to help cover pursuit costs before the execution of operating agreements formalizing the contemplated joint ventures, and the complaint concedes that no such agreements were executed.
The documentary evidence also defeats the promissory estoppel cause of action by refuting the allegations that defendants breached a promise to provide those funds and that plaintiffs reasonably relied on that promise (CPLR 3211[a][1]; see Binn, 180 AD3dat 599). In their emails, plaintiffs repeatedly sought a written agreement guaranteeing [*2]that defendants would be bound to pay pursuit costs at closing. These, together with the Term Sheet that was both nonbinding and expired before any such closing occurred, belie the allegation that an enforceable joint venture was formed, as there was no mutual promise or undertaking to share the burden of the losses of the alleged enterprise (see Jeremias v Toms Capital LLC, 204 AD3d 498, 500 [1st Dept 2022]).
Since the complaint fails to show the existence of an enforceable joint venture agreement, it also fails to show the existence of a fiduciary obligation owed by defendants to plaintiffs (see Wiener v Lazard Freres & Co., 241 AD2d 114, 122 [1st Dept 1998]). In any event, even assuming an enforceable joint venture agreement existed, the cause of action for breach of fiduciary duty, which alleges that defendants breached the agreement and falsely promised to perform under it, is duplicative of the breach of contract cause of action (see William Kaufman Org. v Graham & James, 269 AD2d 171, 173 [1st Dept 2000]).
Plaintiffs failed to state a cause of action for tortious interference with business relations (CPLR 3211[a][1]) since they alleged only prospective contract rights with the nonparty owner of the premises but did not allege "more culpable conduct" amounting to "a crime or an independent tort," or actions undertaken "for the sole purpose of inflicting intentional harm on plaintiffs" (Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]; see also Shared Communication Servs. of ESR, Inc. v Goldman Sachs & Co., 23 AD3d 162, 163 [1st Dept 2005]). Instead, plaintiffs alleged that defendants intentionally breached their promise to pay a land deposit to the owner and secure financing — contractual promises alleged in the complaint and outlined in the term sheet — to gain a financial advantage. At any rate, plaintiffs cannot sustain the cause of action because defendants were "no stranger[s] to the [alleged prospective] joint venture agreement" with the owner, but were instead part of plaintiffs' deal and directly involved in negotiations (Koret, Inc. v Christian Dior, S.A., 161 AD2d 156, 157 [1st Dept 1990]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022