Lucky of 195 Madison St. Roofing & Contr. Inc. v Creif 109 LLC (2023 NY Slip Op 02065)

Lucky of 195 Madison St. Roofing & Contr. Inc. v Creif 109 LLC

2023 NY Slip Op 02065

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 153437/17, 595086/21 Appeal No. 80 Case No. 2022-03341 

[*1]Lucky of 195 Madison Street Roofing & Contracting Inc., Plaintiff,
v
Creif 109 LLC, et al., Defendants.
Creif 109 LLC, Third-Party Plaintiff-Respondent,
v
Lyndon Chin et al., Third-Party Defendants, Stephen Seung, Third-Party Defendant-Appellant.

Philip A. Greenberg, P.C., New York (Philip A. Greenberg of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark A. Berman of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 18, 2022, which, to the extent appealed from as limited by the briefs, denied third-party defendant Stephen Seung's motion to dismiss the third-party complaint as against him, unanimously affirmed, with costs.
Third-party plaintiff Creif 109 LLC sufficiently alleged a fraud claim against Seung. Seung prepared a legal opinion letter, addressed it to Creif, and expressly represented that Creif could rely on the opinion letter. The opinion letter set forth that Seung had reviewed the original or certified copies of documents relating to the creation of the borrower in the relevant transaction (which were themselves fraudulent), and that Seung had "made such other inquiries with respect to Borrower, and the Loan as we have deemed necessary or appropriate for the purpose of this opinion." The opinion letter went on to state that the borrower had the "right, power, and authority" to execute the loan documents, and it did not contain any carve-outs to insulate Seung from liability. Creif alleges that the representations in the opinion letter were false and that Seung knew them to be false and material to Creif.
Particularly given that it is undisputed that an underlying fraud occurred, these allegations were sufficient to permit a "reasonable inference" of Seung's alleged fraudulent conduct (Pludeman v Northern Leasing Sys., Inc.,10 NY3d 486, 492 [2008]). This Court's holding in Fortress Credit Corp. v Dechert LLP (89 AD3d 615, 616-617 [1st Dept 2011], lv denied 19 NY3d 805 [2012]), is distinguishable. The Fortress opinion letter, by its very terms, "provided only legal conclusions upon which plaintiffs could rely" and was "clearly and unequivocally circumscribed by the qualifications that defendant assumed the genuineness of all signatures and the authenticity of the documents" (id.). The opinion letter represented that the lawyer had "made no independent inquiry into the accuracy of the factual representations or certificates, and undertook no independent investigation in ascertaining these facts" (id.). Here, the opinion letter contains no such carve-outs, and in fact represents that Seung made the relevant "inquiries." The alleged fraud in this case is based on actual misstatements, and there remains the possibility that Seung may have known about the underlying fraud, rather than simply having failed to detect it.
Seung's argument that Creif failed to perform due diligence, and that this forecloses any liability for fraud on its own behalf, is unavailing. Creif has not admitted that it failed to conduct appropriate due diligence, as Seung claims it did.
Further, Seung's reliance on our earlier decision in the first-party action is misplaced (Lucky of 195 Madison St. Roofing & Contr. Inc. v Creif 109 LLC, 189 AD3d 481 [1st Dept 2020]), as we did not hold that Creif failed to perform the proper due diligence as a matter of law.
We have considered Seung's [*2]remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023