Boukari v Schwartzberg Assoc., LLC (2024 NY Slip Op 01247)

Boukari v Schwartzberg Assoc., LLC

2024 NY Slip Op 01247

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 815178/21 Appeal No. 1813-1814 Case No. 2023-03363, 2023-05183 

[*1]Maimounatou Boukari, Plaintiff-Respondent,
v
Schwartzberg Associates, LLC, Defendant, Raymond Schwartzberg et al., Defendants-Appellants.
Raymond Schwartzberg et al., Third-Party Plaintiffs-Appellants,
v
Haicken Law PLLC,Third-Party Defendant-Respondent.

Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for Haicken Law PLLC, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 24, 2022, which denied defendants Raymond Schwartzberg and Raymond Schwartzberg & Associates, PLLC's motion to dismiss and/or for summary judgment dismissing plaintiff's complaint alleging legal malpractice, unanimously reversed, on the law and the facts, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about August 30, 2023, which granted third-party defendant Haicken Law, PLLC's motion to dismiss defendant's third-party complaint, unanimously dismissed, without costs, as academic.
Plaintiff's legal malpractice action should have been dismissed. Contrary to the motion court's finding, the record conclusively established, as a matter of law, that defendants had clearly informed plaintiff during their initial meetings in May 2014, by way of unambiguous writings confirmed by plaintiff's signature, that defendants were only assisting her in substituting counsel in a Workers' Compensation matter and that they had declined to represent her in any personal injury action against the building owner or any third party arising from her slip and fall.
Plaintiff opposed the motion only with an attorney affirmation. She did not submit an affidavit setting forth her version of the initial conversations with defendants or any other interactions that would support her attorney's contentions that she was under a reasonable impression that defendants had agreed to represent her on a personal injury claim or that the law firm did not clearly disclaim representation (see Zuckerman v New York, 49 NY2d 557 [1980] [an attorney affirmation is insufficient to put before the court facts of which she has no knowledge]; cf. Encalada v McCarthy, Chachanover & Rosado, LLP, 160 AD3d 475 [1st Dept 2018] [the plaintiff's testimony about his initial conversation with counsel raised issues of fact and credibility for the factfinder to decide]).
In view of the conclusive evidence establishing the absence of legal representation by defendants on any personal injury action, the court incorrectly determined that the legal malpractice claim was timely under the continuous representation doctrine (see Pace v Horowitz, 190 AD3d 619 [1st Dept 2021]; Knobel v Wei Group, LLP, 160 AD3d 409, 410 [1st Dept 2018]) and that it was factually sustainable (see Binn v Muchnick, Golieb & Golieb, P.C., 180 AD3d 598, 599 [1st Dept 2020]; Seaman v Schulte Roth & Zabel LLP, 176 AD3d 538, 539 [1st Dept 2019]).
Defendants' briefs make clear that they are pursuing the appeal from the August 30, 2023 order only if this Court does not dismiss plaintiff's legal malpractice action. In light of our determination, that appeal is dismissed as academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024